IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAMMY S. WARNE,** | : | CIVIL ACTION NO. 3:19-CV-1489 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ANDREW M. SAUL,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 18th day of November, 2020, upon consideration of the report (Doc. 15) of Magistrate Judge Gerald B. Cohn, recommending the court vacate the decision of the administrative law judge, issued after a continuing disability review, wherein the administrative law judge determined that plaintiff Tammy S. Warne was no longer disabled as of June 1, 2015, and it appearing that the Commissioner of Social Security has not objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory

committee notes, and, following an independent review of the record, the court being in agreement with Judge Cohn's analysis, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

1. The report (Doc. 15) of Magistrate Judge Cohn is ADOPTED.

2. The Clerk of Court shall enter judgment in favor of Warne and against the Commissioner as set forth in the following paragraph.

3. The Commissioner's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, develop the record fully, and evaluate the evidence appropriately in accordance with this order and the report (Doc. 15) of Magistrate Judge Cohn.

4. The Clerk of Court shall thereafter CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania